NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0592n.06

No. 11-2287

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Jun 08, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| DONALD MALONE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| PATRICIA CARUSO, Director of MDOC - sued | ) | THE WESTERN DISTRICT OF |
| individually and in her official capacity; GARY | ) | MICHIGAN |
| CAPELLO, Warden - sued individually and in his | ) | |
| official capacity; JOHN BOYNTON, Warden at | ) | |
| Straits Correctional Facility - sued individually and | ) | |
| in his official capacity; GREG MCQUIGGIN, | ) | |
| Warden - Straits/Chippewa Correctional Facility - | ) | |
| sued individually and in his official capacity, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**BEFORE:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.**[*]

**PER CURIAM.**  Donald Malone, a *pro se* Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Malone sued Patricia Caruso, the Director of the Michigan Department of Corrections (MDOC); Greg McQuiggin, the Warden of Straits Correctional Facility; Gary Capello, the Warden of Baraga Correctional Facility; and John Boynton, the Deputy Warden of Chippewa Correctional Facility.  The defendants were sued in their individual and official capacities.  Malone claimed that the defendants improperly revoked his wife's

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

prison visitation privileges without due process of law and in retaliation for his prison grievance filings.

On March 2, 2011, the district court entered an order granting summary judgment in favor of Caruso, McQuiggin, and Capello. On September 28, 2011, the district court granted summary judgment in favor of Boynton and dismissed Malone's action with prejudice.

On appeal, Malone concedes that the district court properly granted summary judgment in favor of Caruso and Boynton. Malone also concedes that the district court properly granted summary judgment in favor of McQuiggin and Capello with respect to his retaliation claim. Malone reasserts, however, his claims that McQuiggin and Capello violated his procedural due process rights with respect to his freedom of association claim.

We review *de novo* a district court's grant of summary judgment. *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 792 (6th Cir. 2009). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Malone contends that the defendants violated his visitation rights and freedom of association without due process because he was not afforded a hearing. The record reveals that Malone's wife was not allowed to visit him because she was considered a threat to the safety and security of the prison.

Malone's wife's visiting privileges were initially denied based on her status as a felon on probation. In addition, her subsequent application for visitation was denied because she failed to properly disclose a prior rules infraction involving visitation and because Malone had successfully smuggled a cell phone into the prison. Thus, the prison had a legitimate penological interest in denying Malone's wife's visitation application. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."). Malone was not denied due process, and the district court did not err by awarding summary judgment in favor of the defendants. *See id*. at 822–28; *Bazzetta v. McGinnis*, 430 F.3d 795, 804–05 (6th Cir. 2005).

To the extent Malone contends that administrative comments on the visitor tracking system might adversely affect his future chances for parole, his due process claim is meritless because he does not have a liberty interest in parole. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Further, Michigan has not created such an interest. *Crump v. Lafler*, 657 F.3d 393, 399–400 (6th Cir. 2011).

The district court's judgment is affirmed.